# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ANTONIO L. HARRIS, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:18-cv-02219-SHL-tmp |
| BARBARA B. JOHNSON and TENNESSEE DEPARTMENT OF HUMAN SERVICES, | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORTS AND RECOMMENDATIONS

Before the Court are Magistrate Judge Tu M. Pham's ("Magistrate Judge") two Reports and Recommendations, both filed October 15, 2018, recommending that Defendant Tennessee Department of Human Services' ("TDHS") Motion to Dismiss be granted ("TDHS Report"), (ECF No. 33), and that Plaintiff Antonio L. Harris's Motion for Default Judgment be denied while Defendant Barbara B. Johnson's Motion to Set Aside Default be granted ("Johnson Report"), (ECF No. 34), and Mr. Harris's Objections to both Reports, (ECF No. 36). For the following reasons, the Reports are hereby **ADOPTED**, TDHS's Motion to Dismiss is **GRANTED**, Mr. Harris's Motion for Default Judgment is **DENIED** and Ms. Johnson's Motion to Set Aside Entry of Default is **GRANTED**.[1]

## BACKGROUND

Mr. Harris filed a pro se Complaint on April 3, 2018, (ECF No. 1), alleging violations of his civil rights. Namely, Mr. Harris alleges that Ms. Johnson and TDHS colluded with a "Shalonda Lasha Cohen" to coerce him into guaranteeing payment for a "Shalonda Lasha

---

[1] Given the resolution of the issues in this Order, the Clerk is hereby directed to terminate Tennessee Department of Human Services as a defendant in this matter and restyle the case ANTONIO L. HARRIS, Plaintiff, v. BARBARA B. JOHNSON, Defendant.

Cohen." (Id. at PageID 3–4.) He asserts that this "document fraud" constituted violations of his Fourth and Fifth Amendment rights, (id. at PageID 4), and he therefore seeks relief under 42 U.S.C. § 1983. (Id. at PageID 1.)

Mr. Harris seeks one of two remedies. First, he seeks either $3,000,000,000.00 or $3,000,000.00 in damages (he asserts both amounts) as compensation for the money that he claims Defendants[2] took from him, and the economic hardship, mental distress and public humiliation that ensued. Second, in the alternative, he seeks ten-year prison sentences for Defendants for "depriving [him] of [his] life, liberty, peace and the pursuit of happiness under [his] federally protected rights." (Id. at PageID 3; ECF No. 1-1.)

On June 18, 2018, TDHS filed a Motion to Dismiss for Lack of Subject-Matter Jurisdiction and for Failure to State a Claim. (ECF Nos. 18, 19.) As to subject-matter jurisdiction, TDHS contends that it enjoys sovereign immunity from Mr. Harris's claims because neither Congress nor the State of Tennessee have abrogated sovereign immunity of state agencies from § 1983 claims. (See ECF No. 19 at PageID 29–30.) See U.S. Const. amend. XI; Fed. R. Civ. P. 12(b)(1); Tenn. Code Ann. § 20-13-102(a); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54–55 (1996); Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Kentucky v. Graham, 473 U.S. 159, 169 n.17 (1985); Thiokol Corp. v. Mich. Dep't of Treasury, 987 F.2d 376, 381 (6th Cir. 1993); Berndt v. Tennessee, 796 F.2d 879, 881 (6th Cir. 1986). As for failure to state a claim, TDHS argues that Mr. Harris's Complaint fails

---

[2] "Shalonda Lasha Cohen" is a named defendant in Mr. Harris's pro se Complaint, and the clerk issued Summons as to her. (ECF Nos. 1, 7.) Before "Shalonda Lasha Cohen" could be served, however, Mr. Harris filed a pro se "Motion to Withdraw Defendant" on May 21, 2018, in which he stated that "Shalonda Cohen is not the person depriving me of my rights." (ECF No. 12.) Accordingly, the clerk terminated "Shalonda Lasha Cohen" as a party in this matter on May 22, 2018. (ECF No. 13.)

because it alleges constitutional claims in conclusory fashion, falling far short of Rule 8's plausibility pleading standard, and it fails to plead his conspiracy claim with specificity. (ECF No. 19 at PageID 30–32.) See Fed. R. Civ. P. 8, 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir. 1987); Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985); Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971).

On June 20, 2018, just five days after purportedly serving Ms. Johnson with process, (ECF No. 20),[3] Mr. Harris moved for an entry of default as to her, (ECF No. 22), and the Clerk obliged, (ECF No. 23).

Mr. Harris filed several documents on July 3, 2018, each captioned differently, that make essentially the same arguments and are presumably intended to respond to TDHS's Motion. (ECF Nos. 24–28.) In the "Notice to Court Objection Demand Clarification of Evidence to Support Courts Continual Dismissals of Objection Demand for Dismissal Fed Rule 12(b)(6) Failure to State a Claim Upon Which Relief Can Be Granted" and the "Notice to Court Objection Demand for Clarification of Evidence to Support Petitioner's Standing to Allow This Court's Continual Summary Dismissals of Objections Without Providing Full Clarification of Evidence the Court Relied Upon Proving the Petitioner Had Standing in Court Demand for Dismissal Under Federal Rule 12(b)(6) for Failure to State a Claim Upon Which Relief Must Be Granted," Mr. Harris refers to some unknown court action, contending that the Court's dismissal of his "objections,"[4] without justifying dismissal by reference to evidence, is an arbitrary and

---

[3] Ms. Johnson contends that she was never properly served. See infra at 5.

[4] According to Ms. Johnson, Mr. Harris was a defendant in one of the child support enforcement actions that she prosecuted as a subcontractor for TDHS, and, "[u]pon information and belief," he filed the instant lawsuit in response to an unfavorable result against him in that

capricious act. (See generally ECF Nos. 24, 25.) At the time of filing, however, the Court had not yet taken any action on TDHS's Motion to Dismiss.

Mr. Harris filed other documents which refer to actions that are unknown to the Court. In the "Notice of Demand Objection Writ of Discovery Verified Complaint," also filed July 3, 2018, Mr. Harris demands that the Court grant discovery and provide an evidentiary basis for a default judgment against him, or for finding that he caused an injury of some kind, without which he contends the Court should dismiss claims against him. (See generally ECF No. 26.) The "Notice to Court Objection Trespass Upon Rights Guaranteed by Bill of Rights" and the "Notice to Court Objection Trespass Upon Rights 18 USC Section 242 Deprivation of Rights," also both filed July 3, 2018, similarly accuse the Court of failing to provide evidentiary justification for its dismissals of Mr. Harris's filings. (See generally ECF Nos. 27, 28.) Again, the Court had not entered a default judgment against him, there is nothing in the record alleging that Mr. Harris caused any harms to anyone and the Court had not, at the time of the filing, taken any action at all in this matter.

On July 16, 2018, following the clerk's entry of default against Ms. Johnson, Mr. Harris filed what the Court construes as a Motion for Summary Judgment as to Ms. Johnson only. (ECF No. 29.) In it, Mr. Harris contends that he sued Ms. Johnson for unlawfully volunteering him as an obligor on a non-descript debt, that he properly served her, that she did not act either on his Complaint or further on an affidavit he claims to have mailed her, and therefore there is no dispute of material fact. He argues that he is thus entitled to judgment as a matter of law as to his § 1983 claims against her. (See generally id.)

---

action. (ECF No. 30 at PageID 83; ECF No. 30-1 at PageID 89–90.) Mr. Harris thus appears to "object" to a judgment against him in a child support enforcement action that is not before this Court.

4

Ms. Johnson filed a Motion to Set Aside Default on July 23, 2018. (ECF No. 30.) In it, she contends that she was never properly served with Mr. Harris's Complaint; rather, Mr. Harris served process on a "Maximus, Inc." in Memphis, the contractor TDHS uses to identify attorneys to prosecute child support cases. That company subsequently subcontracted with Ms. Johnson's former law firm to prosecute a child support enforcement action involving Mr. Harris. (Id. at PageID at 83–87.) Because service was improper, Ms. Johnson contends that she had no obligation under the Federal Rules of Civil Procedure to respond to the Complaint, and thus the Court should set aside the clerk's entry of default. (Id.) See Fed. R. Civ. P. 4(e)(2), 55(c); Tenn. R. Civ. P. 4.04(1), (10); O.J. Distrib., Inc. v. Hornell Brewing Co., 340 F.3d 345, 353 (6th Cir. 2003).

Mr. Harris filed a "Notice to Motion Writ of Discovery Evidence of an Injury in Fact Introduced with a Verified Statement Filed with Clerk of the Court When Filing Petition" on October 9, 2018. (ECF No. 31.) In it, Mr. Harris again resists a judgment against him in a matter that is not and was never before this Court. (See generally id.) The Magistrate Judge denied this Motion on October 15, 2018. (ECF No. 35.)

The Magistrate Judge filed the TDHS Report and Johnson Report on October 15, 2018. (ECF Nos. 33, 34.) Mr. Harris filed a "Notice to Court Objection Demand for Clarification of Evidence to Support Petitioner's Standing to Allow This Court's Continual Summary Dismissals of Objections Without Providing Full Clarification of Evidence the Court Relied Upon Proving the Petitioner Had Standing in Court Demand for Dismissal Under Federal Rule 12(b)(6) for Failure to State a Claim Upon Which Relief Must Be Granted," which the Court construes as his Objections to both the TDHS Report and Johnson Report, on October 25, 2018. (ECF No. 36.)

## STANDARD OF REVIEW

A magistrate judge may submit to a judge of the court recommendations for the determination of certain pretrial matters. 28 U.S.C. §§ 636(b)(1)(A)–(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects. Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 72(b)(3). After reviewing objections, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). "A general objection that does not identify specific issues from the magistrate's report," on the other hand, "is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." Johnson v. Brown, No. 13-242-GFVT, 2016 WL 4261761, at *1 (E.D. Ky. Aug. 12, 2016) (citing Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

## ANALYSIS

Mr. Harris's Objections to the TDHS Report and Johnson Report provide no law to support different results than those the Magistrate Judge reached. Although the Court observes that Mr. Harris is acting pro se, and thus it accords him the widest possible latitude in construing his filings, Mr. Harris's Objections merely re-recite the mashed-up legalese that appears in other filings elsewhere in the docket, all of which appears to pertain to an action that is not before this Court—not to the pending Motion to Dismiss, Motion to Set Aside Default and Motion for Summary Judgment that are before this Court. Mr. Harris's Objections do not discuss or even cite either of the Magistrate Judge's two Reports. This is not sufficient to satisfy his burden with

regard to TDHS and Ms. Johnson's Motions.  See Johnson, 2016 WL 4261761, at *1.  Therefore, the TDHS Report and Johnson Report are hereby **ADOPTED**.

The Court also finds that Mr. Harris failed to effect service on Ms. Johnson within the time limit prescribed by the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 4(m).  If Mr. Harris wishes to continue pursuing his § 1983 claims against her, he must effect service of process on her within **thirty (30) days** of the entry of this Order.  If he fails to do so, this action will be subject to dismissal for failure to prosecute.

## CONCLUSION

Having **ADOPTED** the TDHS Report and Johnson Report, the Court **GRANTS** TDHS's Motion to Dismiss and Ms. Johnson's Motion to Set Aside Default and **DENIES** Mr. Harris's Motion for Summary Judgment.  Mr. Harris's claims against TDHS are accordingly **DISMISSED**.

**IT IS SO ORDERED,** this 16th day of November, 2018.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
UNITED STATES DISTRICT JUDGE